J-A01029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SUSAN LLOYD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNON STANEK, EXTON VET | : | No. 1006 EDA 2025 |
| CLINIC, AND EMILY RAMOS A/K/A | : | |
| BOURET | : | |

Appeal from the Order Entered March 21, 2025
In the Court of Common Pleas of Chester County Civil Division at No(s):
2024-09453-TT

BEFORE:  DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

JUDGMENT ORDER PER CURIAM:                **FILED DECEMBER 22, 2025**

Appellant Susan Lloyd appeals *pro se* from the order entered by the Chester County Court of Common Pleas which granted the motion to dismiss of Shannon Stanek (Dr. Stanek), Exton Vet Clinic (Exton), and Emily Ramos a/k/a Bouret (Ramos) (collectively, Appellees).  After review, we dismiss.

The underlying facts of this case are immaterial to our disposition because substantial defects in Appellant's brief preclude meaningful appellate review.  Nevertheless, we briefly note that the underlying dispute here was previously reviewed by this Court in ***Lloyd v. Veterinary Orthopedic Services, Ltd.***, 344 A.3d 1075 (Pa. Super. 2025), *reargument denied* (Aug. 28, 2025) (non-precedential decision) (hereinafter, "***Lloyd I***").  Both cases arise from the death of Appellant's 16-year-old Shih Tzu, Domino, on December 2, 2021.  Appellant took Domino to Exton, where he was treated

by Dr. Stanek, a veterinarian, on the same day he died. Thereafter, in **Lloyd I**, Appellant filed a lawsuit against Exton, Dr. Stanek, and others. While **Lloyd I** was still pending before the trial court, Appellant filed a collateral federal lawsuit. **See Lloyd v. Pennsylvania**, 2025 WL 2447795 (E.D. Pa. Aug. 25, 2025), *appeal docketed*, No. 25-2642 (3d Cir. Aug. 28, 2025). In **Lloyd I**, the trial court granted summary judgment in favor of Exton and Dr. Stanek and denied Appellant's motion for leave to file a third amended complaint. She appealed to this Court, and we affirmed. **See Lloyd I, supra**. She then filed a petition for allowance of appeal to our Supreme Court, which is still pending.

Before this Court issued our decision in **Lloyd I**, Appellant filed the instant lawsuit with the trial court against Exton, Dr. Stanek, and, this time, Ramos, again arising from the December 2021 incident. Because Appellant could have brought these claims in **Lloyd I**, the trial court granted Appellees' motion to dismiss Appellant's lawsuit pursuant to Pennsylvania Rule of Civil Procedure 233.1. **See** Pa.R.C.P. 1020(d) (requiring all claims arising from the same incident to be filed at the same time). Appellant timely filed this appeal.

Appellant raises five issues for our review. Before we turn to the merits of those issues, we note appellate briefs must materially conform with the requirements of our Rules of Appellate Procedure. **See** Pa.R.A.P. 2101. If an appellate brief or reproduced record fails to conform to our rules, and the defects are substantial, we may quash or dismiss the appeal. **See id.**

- 2 -

The Appellate Rules "state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (citations omitted); *see also* Pa.R.A.P. 2111 (listing requirements for an appellant's brief) and Pa.R.A.P. 2119 (listing requirements for the argument section of an appellate brief). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). The argument section of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P. 2119(a)-(c). As this Court has made clear, we will not act as counsel or develop arguments on behalf of an appellant. *See Coulter*, 94 A.3d at 1088 (citation omitted). Nor will we scour a record to find evidence to support an appellant's argument; instead, we will find the issue waived. *See Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018) (citation omitted).

Further, Appellant's *pro se* status does not relieve her of her obligation to adhere to our Rules. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted). "To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent,

assume that [her] lack of expertise and legal training will be [her] undoing." *Id.* at 1037-38 (citation omitted).

Here, Appellant's argument is substantially underdeveloped and lacks meaningful discussion of, or citation to, relevant legal authority. She makes numerous bald allegations and conclusory statements, without citations for support. Her argument section contains no citations to the record and minimum citations to any controlling legal authority. Appellant broadly references the case numbers for **Lloyd I** and the present case but fails to tell us where in the record her contentions are supported. She cites no case law to support any of her claims in her argument section and simply broadly references "Rule 233.1" or "233.1" along with mentions of "1028" related to preliminary objections, the "vet client patient relationship act," and the "ADA." It is not until her "CONCLUSIONS" section that she cites any case law, with citations to, verbatim: "Marbury v. Madison, 5 U.S. (1 Cranch) 137, 163, 2 L.Ed. 60 (1803)" and "John Doe v. Puget Sound Blood Ctr., 117 Wash.2d 772, 780, 819 P.2d 870 (1991)." Appellant also broadly references several parts of the United States Constitution, again in the conclusion section of her brief, but she fails to provide a cogent, let alone persuasive, analysis as to how those provisions afford her relief. Thus, Appellant has failed to apply the law to the facts of her case in a meaningful and coherent manner as required by

our Rules of Appellate Procedure and caselaw. *See* Pa.R.A.P. 2119.[1]

Accordingly, we are unable to engage in meaningful appellate review.

Therefore, we dismiss this appeal.[2]

Even if we did not dismiss this appeal, we would find no merit to any claim that Appellant appropriately preserved. As discussed, Appellant previously brought a case, *Lloyd I*, which alleged the *same or related* claims against the *same or related* defendants and was resolved by the trial court via summary judgment, which was affirmed by this Court. *See* Pa.R.C.P. 233.1(a) (emphasis added). Although Appellant contends that this current case adds new claims related to pentobarbital and a new defendant (Ramos), she admits that the trial court barred her from adding those claims and that defendant in *Lloyd I*. *See* Appellant's Brief at 7, 9, 13, 16-17, 20-22. She then appealed the trial court's decision in *Lloyd I* to this Court, which found that all her appellate issues were either waived or non-meritorious. We are

_____

[1] Appellant also failed to appropriately append her Appellate Rule 1925(b) statement or the trial court's Appellate Rule 1925(a) opinion to her brief and neglected to include the full text of the order on appeal in her brief. *See* Pa.R.A.P. 2111(a)(2), (11), (b), (d). This Court also entered two orders related to Appellant's failure to file properly bound paper copies of her reproduced record. *See* Order, 8/28/25; Order, 9/25/25 (noting that this Court's Prothonotary attempted to contact Appellant to ensure compliance, but Appellant had not complied).

[2] On July 17, 2025, nearly one month after Appellant filed her brief, she sought permission to supplement her brief, claiming that she had "found case law which supports this case never should have been dismissed." In her application, she cited one case related to a judgment of *non pros*. This Court denied her application on July 25, 2025. Even if Appellant had been permitted to supplement her brief with this case law, it would not alter our disposition.

bound by that prior decision of our Court. Thus, although Appellant may not like the result of her prior litigation, she does not get a second bite at the apple to bring another lawsuit with the same or related claims against the same or related defendants.[3] **See** Pa.R.C.P. 233.1(a); Pa.R.C.P. 1020(d) ("If a transaction or occurrence gives rise to more than one cause of action . . . against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person. Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.").

Appeal dismissed. Appellant's Application to Strike and Motion for Remote Appearance at Argument are denied as moot.[4] The prothonotary is directed to remove this case from the January 6, 2026 argument list.

_____

[3] We caution Appellant that further repetitive litigation regarding her dog's death could result in an award of counsel fees for Appellees or other sanctions. **See** Pa.R.A.P. 2744.

[4] We note that oral "argument is not a matter of right and will be permitted only to the extent necessary to enable the appellate court to acquire an understanding of the issues presented." Pa.R.A.P. 2315(a); **see also Coulter**, 94 A.3d at 1090-91 (reiterating that oral argument is not a matter of right and the opportunity to participate in oral argument is discretionary with our Court).

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/22/2025